UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVA STEIN, <br><br> Plaintiff, <br><br> v. <br><br> VITAMIN SHOPPE, INC., <br><br> Defendant. | CIVIL ACTION NO. _____ |

# COMPLAINT

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1. This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the "SEC").

2. Plaintiff, a shareholder of Defendant Vitamin Shoppe Corporation ("Vitamin Shoppe" or the "Company"), seeks an injunction to prevent a vote by its shareholders on Management Proposal 3 in the 2018 Proxy Statement for the annual meeting of Vitamin Shoppe shareholders scheduled for June 28, 2018 ("Proposal 3"). The grounds for this injunction are Defendant's failures to comply with the SEC's disclosure requirements for proxy statements.

3. Proposal 3 requests that the shareholders approve the Vitamin Shoppe 2018 Long-Term Incentive Plan (the "Plan") that would allow the Company to issue awards in the form of stock options, stock appreciation rights, restricted stock, phantom stock units, restricted stock

units, unrestricted stock awards, dividend equivalent rights, performance awards, and other cash-based awards. The Company is seeking approval for 2,100,000 shares to be made available under the Plan for future grants. But it is unclear how many participants are in the Plan and why they are receiving these awards. SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101. Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

4. Proposal 3 of the 2018 Proxy Statement fails to disclose the approximate number of eligible participants and the bases of their participation in the Plan.

5. Thus, the 2018 Proxy Statement does not comply with the SEC rules and regulations, and the Court should enjoin that vote unless and until Defendant furnishes its shareholders with a supplemental proxy statement with those specific disclosures.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

7. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

8. Venue is proper in this district because, as allowed under Section 27(a) of the Exchange Act, this district is where the violation at issue in this case occurred because the

Plaintiff is a resident of this district.

## PARTIES

9. Plaintiff is, and has been continuously since June 2014, a holder of Vitamin Shoppe common stock.

10. Vitamin Shoppe is a corporation organized under the laws of the State of Delaware. The Company's last fiscal year ended December 30, 2017. As of April 28, 2018, it had 24,232,045 shares of common stock outstanding. Vitamin Shoppe's common stock is traded on the New York Stock Exchange under the symbol VSI. Vitamin Shoppe is a multi channel specialty retailer and contract manufacturer of vitamins, minerals, herbs, specialty supplements, sports nutrition and other health and wellness products. The company operates through three business segments: Retail, Direct and Manufacturing. Vitamin Shoppe is headquartered in North Bergen, New Jersey.

## WRONGFUL ACTS AND OMISSIONS

11. Vitamin Shoppe has scheduled the annual shareholders' meeting for June 28, 2018. On May 18, 2018, it furnished its shareholders with the 2018 Proxy Statement to solicit their proxies for five management proposals and to transact other business that may properly come before the annual meeting.

12. Proposal 3 requests that the shareholders approve the Plan, which Vitamin Shoppe will be able to use to grant stock options, stock appreciation rights, restricted stock, restricted stock units, performance awards, other stock-based awards, and other cash-based awards to participants in the Plan immediately after the stockholder vote. But this proposal fails to provide sufficient – and federally required – information for Vitamin Shoppe stockholders to understand how many participants there are in each class, or why they are eligible for such shares.

13. Because Proposal 3 concerns a stockholder vote on a compensation plan, the SEC's rules and regulations require the 2018 Proxy Statement to disclose certain information concerning the Plan. Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101 states:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> (a) Plans subject to security holder action.
>
> (1) Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

But the 2018 Proxy Statement omits these disclosures.

14. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 3 fails to mention that information. The 2018 Proxy Statement provides:

> **Eligibility.** Our employees, non-employee directors, and independent contractors may be granted awards under the 2018 Plan. However, incentive stock options (as defined below) may only be granted to employees.

Proxy at 34.

15. The above paragraph merely describes four classes of persons – (i) employees; (ii) non-employee directors; and (iii) independent contractors – but it does not explain how many persons are in each class, and it does not provide the bases of their participation.

16. The Plan itself, attached to the 2018 Proxy Statement as Appendix A, defines Employees as:

> an employee of the Company, a Related Company, an Affiliate or

4

> a Subsidiary designated by the Committee. Notwithstanding anything to the contrary contained herein, the Committee may grant Awards to an individual who has been extended an offer of employment by the Company, a Related Company or a Subsidiary; provided that any such Award shall be subject to forfeiture if such individual does not commence employment by a date established by the Committee.

Proxy at A-2.

17. Moreover, the definitions of "Related Company," "Affiliate," and "Subsidiary" are quite broad.

18. "Related Company" as defined by the Plan means "any person or entity that would be considered a single employee with the Company under Section 414(b) or (c) of the Code if the language "at least 80 percent" as used in connection with the application of these provisions were replaced by "at least 50 percent."

19. "Affiliate" means "any corporation or any other entity (including, but not limited to, partnerships and joint ventures) directly or indirectly controlled by the Company.

20. "Subsidiary" as defined by the Plan means "any corporation (other than the Company) in an unbroken chain of corporations, including and beginning with the Company, if each of such corporations, other than the last corporation in the unbroken chain, owns, directly or indirectly, more than fifty percent (50%) of the voting stock in one of the other corporations in such chain."

21. Although the Proxy states that as of December 1, 2017 that there were approximately 5,549 full-time or part-time employees as part of the CEO to Median Employee Pay Ratio disclosure, this five-month old figure does not include the number of independent contractors. Proxy at 78. Indeed, the Company chose May 10, 2018, a date

much closer to the date the Proxy was distributed, as the measuring date for the purposes of disclosing the closing price per share of Vitamin Shoppe common stock, as required by Item 10(b)(2) of Schedule 14A.

22. Thus, Proposal 3 is confusing and inaccurate as to who is eligible and it is entirely unclear from the 2018 Proxy Statement how many participants might be awarded the compensation from the Plan that stockholders are being asked to approve or the bases of their receipt of such awards.

23. This contravention of the SEC rules renders the 2018 Proxy Statement unlawful under § 14(a) of the Exchange Act.

24. As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for an unknown number of shares to be granted to an unknown number of participants immediately after this vote. Unwinding these awards will be impossible.

25. To ameliorate the injury, injunctive relief is required in the form of an amended and supplemented proxy statement that provides the information required by Items 10(a)(1) and 10(b)(2)(i) of Schedule 14A with regard to Proposal 3.

26. Consequently, Vitamin Shoppe should be enjoined from presenting Proposal 3 for a stockholder vote at the June 28, 2018 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Vitamin Shoppe shareholder in connection with Proposal 3 in the 2018 Proxy Statement.

**RELIEF REQUESTED**

**WHEREFORE,** Plaintiff requests the following relief:

  A. A preliminary and permanent injunction, enjoining Vitamin Shoppe from:

    (i) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Vitamin Shoppe shareholder in connection with Proposal 3 in the 2018 Proxy Statement;

    (ii) presenting Proposal 3 for a shareholder vote at the June 28, 2018 annual meeting.

  B. A preliminary and permanent injunction requiring Vitamin Shoppe to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Item 10(a)(1) that is cured of material disclosure defects pursuant to 15 U.S.C. § 78n(a).

  C. Awarding such other and further relief as this Court deems just and proper.

Dated: May 21, 2018

                **WOLF HALDENSTEIN ADLER**
                **FREEMAN & HERZ LLP**

                By: /s/ *Gloria Kui Melwani*
                Gloria Kui Melwani
                270 Madison Avenue
                New York, NY 10016
                Telephone: (212) 545-4600
                Facsimile: (212) 686-0114

                *Attorneys for Plaintiff*